BLECHER & COLLINS, P.C.
Maxwell M. Blecher (State Bar No. 26202)
 mblecher@blechercollins.com
Maryann R. Marzano (State Bar No. 96867)
 mmarzano@blechercollins.com
Kristen M. Peters (State Bar No. 252296)
 kpeters@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Plaintiff VELTEX CORPORATION


FILED
CLERK, U.S. DISTRICT COURT
JUL 2 5 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA,

WESTERN DIVISION

| | |
|---|---|
| VELTEX CORPORATION, a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAVEED AZZIZ MATIN, an individual; TANZILA SULTANA, an individual; SAASHA CAMPBELL, an individual; MAZHAR HAQUE, an individual; ALLEN E. BENDER, an individual; VELTEX USA, INC., a Delaware corporation; VELTEX APPAREL, INC., a California corporation; VELTEX INDUSTRIES, INC., a Delaware corporation; VELTEX EXPLORER, INC., a Canadian corporation; VELTEX CANADA, INC., a Canadian corporation; WILSHIRE EQUITY, INC. *aka* WILSHIRE EQUITIES, INC., a Colorado corporation; AMERICAN REGISTRAR & TRANSFER CO., a Utah corporation; PATRICK R. DAY, an individual; RICHARD M. DAY, an individual; MOORE & ASSOCIATES, CHARTERED, a Nevada corporation; MICHAEL J. MOORE, an individual; CHISHOLM, BIERWOLF, NILSON & MORRILL, CPA *aka* CHISHOLM, BIERWOLF & NILSON, LLC, a Utah limited liability company; BRAD B. | CASE NO. CV10 1746 ABC (PJWx)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL AND PROPRIETARY INFORMATION**<br><br>[Magistrate Judge Patrick J. Walsh] |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

| | |
|---|---|
| 1 | HAYNES, an individual; ANNE TAHIM, an individual; JAAK U. |
| 2 | OLESK, an individual; and CARMINE J. BUA, an individual, |
| 3 | |
| 4 | Defendants. |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation and [Proposed] Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Protective Order does not entitle them to file confidential information under seal; and that Local Rule 79-5 outlines the procedures that must be followed when a party seeks to file material under seal.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: A party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information: Any party may designate as "CONFIDENTIAL" Information (regardless of how it is generated, stored or maintained) any document or portion thereof -- including documents or materials provided to the parties in discovery by non-parties and documents or materials produced by third parties pursuant to a subpoena -- which contains or discloses any of the following:

- 1 -

(a) Material, non-public inside information, confidential and/or commercially sensitive financial information, personnel files and other sensitive or proprietary information, including, but not limited to, information which has not been made public or disclosed to third parties and which concerns or relates to the process, operations, type of work or apparatus, or to the production, sales, shipments, purchases, transfers, identification or customers, inventions, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation or organization from which the information is obtained; and

(b) Information that the party is under a duty to preserve as confidential under an agreement with or other obligation to another person.

2.3. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION:"</u> Any party -- including non-parties that agree by stipulation to be bound by the terms of this Order -- may designate as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any document or portion thereof which contains or discloses any sensitive, Confidential Information that any Party to the Litigation or any producing party contends contains trade secrets as defined under California Civil Code § 3426.1(d), business strategies or other competitively sensitive, proprietary or financial information which, if disclosed to third parties, would or could cause damage to a Party's competitive position in the market(s) in which the Party operates.

Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" excludes material that is alleged by the Plaintiff to have been misappropriated in this action.

2.4 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: Any natural person, partnership, corporation, associate, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14 **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the earlier of 18 months or a Designating Party agrees otherwise in writing, or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

- 4 -

reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order shall, in good faith, attempt to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or does not qualify for the level of protection originally asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the

- 5 -

inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

  Transcript pages containing Protected Material shall be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

  (c) <u>for information produced in some form other than documentary form</u>, including information produced in electronic format, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers, or electronic media (including but not limited to CD or DVD), in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant

- 6 -

protection, the Producing Party, to the extent practicable, shall identify the protected portions).

5.3    Inadvertent Failures to Designate. A Party's inadvertent failure to designate qualifying information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Motions. Any motion challenging a Party's designation shall be brought in accordance with U.S. District Court for the Central District Local Rule 37-1.

6.3    Burden of Proof. The burden of proof on any motion challenging whether a designation is proper shall be on the Designating Party.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that limits access to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) the court and its personnel;

(e) court reporters and their staff, jurors and Professional Vendors to whom disclosure is reasonably necessary;

(f) any witness or potential witness as to whom Outside Counsel of Record has a good faith basis to believe that such person/corporation has relevant information regarding the designated material; and

(g) the author, recipient or custodian of a document containing the information, or other person who otherwise possessed or knew the information.

7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose any

information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) experts of the Receiving Party to whom the disclosure is reasonably necessary for this litigation;

    (c) the court and its personnel;

    (d) court reporters and their staff, jurors and Professional Vendors;

    (e) Any witness or potential witness as to whom Outside Counsel of Record has a good faith basis to believe that such person/corporation has relevant information regarding the designated material; and

    (f) the author, recipient or custodian of a document containing the information, or other person who otherwise possessed or knew the information.

    7.4    Each person/corporation to whom disclosure is made pursuant to Paragraphs 7.2(b), 7.2(c), 7.2(f) and 7.3(b) and 7.3(e) shall be given a copy of this Protective Order prior to disclosure and shall sign a declaration, a copy of which is attached hereto as Exhibit A – "ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND" – agreeing that he, she or it is bound by the jurisdiction of this Court and the terms of this Protective Order.

    8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" unless order by a court or unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a Protective Order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a Protective Order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party, unless ordered by a court or unless it has obtained the Non-Party's permission. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment and Agreement to be Bound," attached hereto as Exhibit A.

- 11 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations and rights of the Receiving Parties shall be governed by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

## 12. MISCELLANEOUS

12.1 **Right to Further Relief.** Nothing in this Order abridges the right of any Party or Non-Party to seek its modification by the Court in the future, including but not limited to expanding the persons to whom Protected Material may be disclosed.

12.2 **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 **Filing Protected Material.** Without written permission on from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving

- 12 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13. **FINAL DISPOSITION.**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 21, 2011

BLECHER & COLLINS, P.C.
MAXWELL M. BLECHER
MARYANN R. MARZANO
KRISTEN M. PETERS

By: _____
MARYANN R. MARZANO
Attorneys for Plaintiff
VELTEX CORPORATION

| | | |
|---|---|---|
| 1 | Dated: July 21, 2011 | JAMES M. DONOVAN LAW OFFICES<br>MICHAEL J. GLENN |
| 2 | | |
| 3 | | *James M. Donovan* (signature) |
| 4 | | By: _____<br>MICHAEL J. GLENN |
| 5 | | Attorneys for Defendants |
| 6 | | PATRICK R. DAY AND AMERICAN<br>REGISTRAR AND TRANSFER CO. |
| 7 | | |
| 8 | Dated: July __, 2011 | BRAD B. HAYNES |
| 9 | | |
| 10 | | By:_____<br>BRAD B. HAYNES |
| 11 | | Defendant in PRO SE |
| 12 | | |
| 13 | Dated: July __, 2011 | JAAK U. OLESK, ESQ. |
| 14 | | |
| 15 | | |
| 16 | | By: _____<br>JAAK U. OLESK, ESQ. |
| 17 | | Defendant in PRO SE |

## ORDER

IT IS SO ORDERED.

Dated: _____

_____
Honorable Patrick J. Walsh
United States Magistrate Judge

BLECHER & COLLINS
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

| | |
|---|---|
| Dated: July __, 2011 | JAMES M. DONOVAN LAW OFFICES<br>MICHAEL J. GLENN<br><br>By: _____<br>MICHAEL J. GLENN<br>Attorneys for Defendants<br>PATRICK R. DAY AND AMERICAN<br>REGISTRAR AND TRANSFER CO. |
| Dated: July _/_, 2011 | BRAD B. HAYNES<br><br>By: _/s/ Brad B. Haynes_____<br>BRAD B. HAYNES<br>Defendant in PRO SE |
| Dated: July __, 2011 | JAAK U. OLESK, ESQ.<br><br>By: _____<br>JAAK U. OLESK, ESQ.<br>Defendant in PRO SE |

## ORDER

IT IS SO ORDERED.

Dated: _____

_____
Honorable Patrick J. Walsh
United States Magistrate Judge

- 14 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

| | | |
|---|---|---|
| Dated: July __, 2011 | | JAMES M. DONOVAN LAW OFFICES<br>MICHAEL J. GLENN |

By: _____
　　　MICHAEL J. GLENN
Attorneys for Defendants
PATRICK R. DAY AND AMERICAN
REGISTRAR AND TRANSFER CO.

Dated: July __, 2011

BRAD B. HAYNES

By: _____
　　　BRAD B. HAYNES
Defendant in PRO SE

Dated: July 21, 2011

JAAK U. OLESK, ESQ.

By: _____*/s/ Jaak Olesk*_____
　　　JAAK U. OLESK, ESQ.
Defendant in PRO SE

## ORDER

IT IS SO ORDERED.

Dated: 7/25/11

*/s/ Patrick J. Walsh*
Honorable Patrick J. Walsh
United States Magistrate Judge

- 14 -

**EXHIBIT A**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of <u>Veltex Corporation v. Javeed Azziz Matin, et al.</u>, Case No. CV 10-1746-ABC (PJWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

Printed Name: _____

Signature: _____

47253.1

- 15 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER