BLECHER & COLLINS, P.C.                          JS-6
Maxwell M. Blecher (State Bar No. 26202)
   *mblecher@blechercollins.com*
Maryann R. Marzano (State Bar No. 96867)
   *mmarzano@blechercollins.com*
Kristen M. Peters (State Bar No. 252296)
   *kpeters@blechercollins.com*
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone:  (213) 622-4222
Facsimile:  (213) 622-1656

Attorneys for Plaintiff VELTEX CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| VELTEX CORPORATION, a Utah corporation, | CASE NO. CV10 1746 ABC (PJWx) |
| Plaintiff, | **[PROPOSED] FINAL JUDGMENT** |
| vs. | |
| JAVEED AZZIZ MATIN, an individual; TANZILA SULTANA, an individual; SAASHA CAMPBELL, an individual; MAZHAR HAQUE, an individual; ALLEN E. BENDER, an individual; VELTEX USA, INC., a Delaware corporation; VELTEX APPAREL, INC., a California corporation; VELTEX INDUSTRIES, INC., a Delaware corporation; VELTEX EXPLORER, INC., a Canadian corporation; VELTEX CANADA, INC., a Canadian corporation; WILSHIRE EQUITY, INC. aka WILSHIRE EQUITIES, INC., a Colorado corporation; AMERICAN REGISTRAR & TRANSFER CO., a Utah corporation; PATRICK R. DAY, an individual; RICHARD M. DAY, an individual; MOORE & ASSOCIATES, CHARTERED, a Nevada corporation; MICHAEL J. MOORE, an individual; CHISHOLM, BIERWOLF, NILSON & MORRILL, CPA aka CHISHOLM, BIERWOLF & NILSON, LLC, a Utah limited liability company; BRAD B. | |

1

HAYNES, an individual; ANNE        )
TAHIM, an individual; JAAK U.      )
OLESK, an individual; and          )
CARMINE J. BUA, an individual,     )
                                   )
_____  )
              Defendants.          )

**PLEASE TAKE NOTICE THAT** on March 19, 2012, the following application came on for hearing:  Plaintiff Veltex Corporation's Application for Entry of Default Judgment by Court Against Defendants Javeed Azziz Matin, Mazhar Haque, Wilshire Equity, Inc. *aka* Wilshire Equities, Inc., Tanzila Sultana, Michael J. Moore, Moore & Associates, Chartered, Veltex Apparel, Inc., Veltex Industries, Inc. and Veltex USA, Inc. ("Application").  Maryann R. Marzano, Esq. and Kristen M. Peters, Esq. of Blecher & Collins, P.C. and Merle L. Royce, Esq. of the Law Offices of Merle L. Royce, who was admitted pro hac vice, appeared on behalf of Plaintiff Veltex Corporation.  No other appearances were made.  The Court called the matter for hearing and heard and considered the Application.

Plaintiff Veltex Corporation ("Plaintiff" or "Veltex") filed and served upon Defendants Javeed Azziz Matin ("Matin"), Tanzila Sultana ("Sultana"), Mazhar Haque ("Haque"), Veltex USA, Inc. ("Veltex USA"), Veltex Apparel, Inc. ("Veltex Apparel"), Veltex Industries, Inc. ("Veltex Industries"), Moore & Associates Chartered ("Moore & Associates"), Michael J. Moore ("Moore") and Wilshire Equity, Inc. *aka* Wilshire Equities, Inc. ("Wilshire") a summons and Complaint in the action.  Said Defendants failed to appear and answer or otherwise respond to the Complaint.[1]

On June 30, 2010, the Clerk of the Court entered the default of Defendants Sultana, Veltex Apparel, Veltex Industries and Moore & Associates pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  On July 2, 2010, the Clerk of Court entered the default of Defendants Moore, Wilshire, Matin and Haque pursuant to

_____

[1] Veltex served a First Amended Complaint in the action on July 16, 2010. However, the FAC did not include any additional allegations regarding any of the Defendants in default.

[PROPOSED] FINAL JUDGMENT

Rule 55(a) of the Federal Rules of Civil Procedure.  On November 2, 2010, the Clerk of the Court entered the default of Veltex USA pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Veltex has filed an Application for Entry of Default Judgment by Court pursuant to Rule 55(b) of the Federal Rules of Civil Procedure with supporting papers establishing damages under its various claims.  The Application, having been presented, fully considered and approved by the Honorable Audrey B. Collins at the conclusion of the hearing, and a decision having been fully rendered,

## I.

**IT IS HEREBY ORDERED, ADJUDICATED AND DECREED** that Veltex's Application for Entry of Default Judgment under the First Claim for Relief is GRANTED.  The Court finds that the shares and assets were diverted and transferred to Matin, Sultana, Wilshire and others and converted to their own use by them as part of the scheme to violate the securities laws, as alleged in the First Claim For Relief, and that Veltex was deprived of and lost the fair market value of its shares and assets in the amount of One Hundred Million, Seventy Eight Thousand, and Six Hundred Twenty One Dollars ($100,078,621) as a direct and proximate result thereof.  The Court further finds that Defendants Matin, Sultana, Haque, Wilshire, Veltex USA, Veltex Apparel, Veltex Industries, Moore & Associates and Moore participated in the diversion and conversion of its common stock and assets in connection with the continuing scheme alleged in the First Claim for Relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be and hereby is entered in favor of Veltex and against Defendants Matin, Sultana, Haque, Wilshire, Veltex USA, Veltex Apparel, Veltex Industries, Moore & Associates and Moore, jointly and severally, in the amount of One Hundred Million, Seventy Eight Thousand, and Six Hundred Twenty One Dollars ($100,078,621) on the First Claim For Relief.

//

[PROPOSED] FINAL JUDGMENT

## II.

**IT IS HEREBY ORDERED, ADJUDICATED AND DECREED** that Veltex's Application for Entry of Default Judgment under the Second Claim for Relief Is GRANTED.  The Court finds that the shares and assets of Veltex were fraudulently transferred and conveyed to Matin, Sultana, Wilshire and others entities or persons associated with Matin or under his ownership or control without consideration in violation of Sections 4(a) and 5(b) of the Uniform Fraudulent Transfer Act, California Civil Code § 3439.04(a) and (b).  The Court further finds that Veltex was deprived of and lost the fair market value of its stock and assets in the amount of One Hundred Million, Seventy Eight Thousand, and Six Hundred Twenty One Dollars ($100,078,621) as a direct and proximate cause of such fraudulent conveyances.  The Court further finds that as the officers and directors of Veltex, Matin and Haque are responsible for such fraudulent transfers and that Matin, Sultana, Wilshire, Veltex USA, Veltex Apparel, and Veltex Industries were all recipients and transferees of such stock and assets of Veltex with specific knowledge of the fraudulent nature of transfers.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be and hereby is entered in favor of Veltex and against Defendants Matin, Sultana and Haque, jointly and severally, in the amount of One Hundred Million, Seventy Eight Thousand, and Six Hundred Twenty One Dollars ($100,078,621) on the Second Claim for Relief.

## III.

**IT IS HEREBY ORDERED, ADJUDICATED AND DECREED** that Veltex's Application for Entry of Default Judgment under the Third Claim For Relief Is GRANTED.  The Court finds that Matin and Haque conspired to breach and did breach their fiduciary duties to Veltex in that they conveyed the stock and assets of Veltex to Matin, Sultana, Wilshire and others without consideration to convert such stock and assets to their own use.  The Court further finds that Veltex

1  was deprived of and lost the fair market value of its stock and assets in the amount

2  of One Hundred Million, Seventy Eight Thousand, and Six Hundred Twenty One

3  Dollars ($100,078,621) as a direct and proximate result of such breach of fiduciary

4  duty.

5       IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

6  judgment be and hereby is entered in favor of Veltex and against Defendants Matin

7  and Haque in the amount of One Hundred Million, Seventy Eight Thousand, and Six

8  Hundred Twenty One Dollars ($100,078,621) on the Third Claim for Relief.

9  <center>**IV.**</center>

10       **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff

11  Veltex Corporation shall recover from Defendants Javeed Azziz Matin, Mazhar

12  Haque, Wilshire Equity, Inc. *aka* Wilshire Equities, Inc., Tanzila Sultana, Michael J.

13  Moore, Moore & Associates, Chartered, Veltex Apparel, Inc., Veltex Industries, Inc.

14  and Veltex USA, Inc., jointly and severally, the judgment as follows:

15      (a)    Damages, in the amount of:    $100,078,621.00

16      (b)    Prejudgment Interest of:    $    793,442.86[2] ($1,069.33/day)

17      (c)    Attorneys' Fees pursuant

18          to L.R. 55-3 in the amount of:    $    2,005,172.42

19      (d)    Costs and Expenses of:    $    3,859.95

20      **TOTAL**    **$102,881,096.23**

21  <center>**V.**</center>

22       **IT IS HEREBY ADJUDGED AND DECREED** that, for the reasons stated

23  above and in the Court's Order to Submit Proposed Final Judgment, dated January

24  17, 2012, this action is dismissed with prejudice and without costs, except as

25

26  [2] The sum of $793,442.86 represents prejudgment interest accruing on the damages

27  amount at the federal statutory rate from March 10, 2010, the date of filing of the
lawsuit, up to and including March 20, 2012.  Prejudgment interest accrues at the per

28  diem rate of $1,069.33/day thereafter until the date of entry of judgment.

1  provided for above and except as provided for in the Settlement Agreements
2  Plaintiff Veltex Corporation entered into with American Registrar & Transfer Co.
3  ("ARTCO"), Defendant Jaak U. Olesk ("Olesk"), and Defendant Brad B. Haynes
4  ("Haynes").

5    Without affecting the finality of this Judgment in any way, this Court hereby
6  retains continuing jurisdiction over this litigation, including jurisdiction over: (a) all
7  further proceedings concerning the administration, consummation, enforcement, and
8  implementation of the Settlements by and between Plaintiff Veltex Corporation and
9  ARTCO, Plaintiff Veltex Corporation and Olesk, and Plaintiff Veltex Corporation
10  and Haynes; and (b) all parties hereto for the purpose of construing, enforcing and
11  administering the Judgment.

12    There being no just reason for further delay, pursuant to Rule 54(b) of the
13  Federal Rules of Civil Procedure, the Clerk of the Court is ordered to enter this Final
14  Judgment forthwith and without further notice.

15

16  Dated: March 26, 2012

17

18                 _Audrey B. Collins_____

19                Hon. Audrey B. Collins
               United States District Judge

20

21

22  Submitted by:

23

24  BLECHER & COLLINS, P.C.

25  By: /S/ Maryann R. Marzano
   Maryann R. Marzano
26     Attorneys for Plaintiff
   VELTEX CORPORATION

27

28

[PROPOSED] FINAL JUDGMENT